[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 9, 2010
JOHN LEY
CLERK

No. 09-12007
Non-Argument Calendar

_____

D. C. Docket No. 08-00459-CR-T-33-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JHON JAIRO BADILLO ABADIA,
a.k.a. Badillo Abadia Jhon-Jairo,
a.k.a. Johnjairo Badilo Abadia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 9, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Jhon Jairo Badillo Abadia appeals his 135-month sentences for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel, and aiding and abetting the possession with intent to distribute five kilograms or more of cocaine while aboard a vessel, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii); 46 U.S.C. §§ 70503(a), 70506(a). On appeal, Badillo Abadia argues that he was entitled to a minor-role reduction to his offense level, because he was merely a crewman on the boat transporting the drugs and therefore played a minor role in the overall conspiracy. He also argues that his sentences were substantively unreasonable.

## I. MINOR-ROLE REDUCTION

A district court's determination of a defendant's role in an offense constitutes a factual finding to be reviewed only for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving, beyond a preponderance of the evidence, that he is entitled to a role reduction. Id. at 939.

The Sentencing Guidelines provide for a two-level reduction for a minor participant, which is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2

2

and comment (n. 5). The district court applies a two-part analysis to determine whether to award a downward adjustment. De Varon, 175 F.3d at 940-41. "First, and most importantly, the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing; we recognize that in many cases this method of analysis will be dispositive." Id. at 945. "Second, the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." Id. Although a co-conspirator who was only a minor participant in the conspiracy may be eligible for a role reduction, he would not be entitled to a reduction "where the relevant conduct attributed to [him] is identical to [his] actual conduct." Id. at 941. Therefore, a co-conspirator does not establish eligibility for a role reduction merely "by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id.

Here, Badillo Abadia was convicted of charges related to the possession of 1,770 kilograms of cocaine, i.e. his actual conduct. Because he was not held accountable for any actions except those he actually committed, the conduct of others involved in the broader conspiracy was irrelevant. Therefore, the court did not clearly err by concluding that he was not entitled to a minor-role reduction.

## II. REASONABLENESS OF BADILLO ABADIA'S SENTENCE

In United States v. Booker, the Supreme Court held that sentences are to be reviewed for "unreasonable[ness]." 543 U.S. 220, 261, 125 S. Ct. 738, 765-66 (2005). In so reviewing a sentence, we "merely ask[] whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation removed). The burden of establishing that the sentence is unreasonable lies with the party challenging the sentence. Id.

Pursuant to Gall v. United States, appellate review for reasonableness is a two-step process. 552 U.S. 38, 128 S. Ct. 586 (2007). First, we "must . . . ensure that the district court committed no significant procedural error." Pugh, 515 F.2d at 1190. Second, we must consider the substantive reasonableness of the sentence. Id.

Section 3553(a) provides that district courts must consider: (1) the applicable Guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. See

18 U.S.C. § 3553(a)(1)-(6). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted).

"[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). "[T]here is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guideline range, we ordinarily expect that choice to be a reasonable one." Id. at 788.

In imposing Badillo Abadia's sentences, the court states that it had considered the Guidelines and the § 3553(a) factors, and it explicitly discussed the seriousness of the offense and the need to promote respect for the law, provide punishment, deter criminal conduct, and protect the public. To the extent that Badillo Abadia contends that the court created an unwarranted sentencing disparity by denying him a minor-role reduction, his contention is without merit because, as we discussed above, the district court properly denied him that reduction. Although Badillo Abadia contends that shorter sentences would have

5

had the same deterrent effect, the court was entitled to conclude that his offense merited sentences within the Guidelines range. Evaluating the record as a whole, nothing suggests that the sentences imposed were unreasonable.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is DENIED.